UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN CANCELINO, individually, and
as the class representative of others
similarly situated,

    Plaintiff,
        vs.                                      CASE NO.: 8:19-cv-1810-JSM-SPF

TENSSOURCE, LLC,
a Florida Registered
Limited Liability Company, and

NICHOLAS EXARHOS, individually.

    Defendants.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, **JOHN CANCELINO**, individually, and as class representative of others similarly situated (herein after referred to as "**CANCELINO**"), by and through his undersigned counsel, sues **TENSSOURCE, LLC**, a Florida Limited Liability Company, and **NICHOLAS EXARHOS**, individually (collectively referred to as "Defendants") for violations of the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA") 29 USC § 206 and §207 for retaliatory practices and states as follows:

### PRELIMINARY STATEMENT

1. The Plaintiff brings this action for violations of the FLSA § 206 for failure to pay minimum wage compensation and § 207 for failure to pay overtime compensation at one and one-half the normal rate of pay for all hours worked in excess of forty (40) hours per work week.

2. Defendants unlawfully misclassified Plaintiff **CANCELINO** as an exempt employee to avoid compensating him minimum wages and overtime.

3. Defendants failed to pay Plaintiff in accordance with the FLSA.

4. Specifically, Plaintiff was not paid minimum wages for all hours worked and was not paid overtime at one and one-half regular hourly pay for all hours worked in excess of 40 hours per work week.

5. Plaintiff was not paid the salary basis minimum that meets the definition of exempt under the FLSA.

6. In this pleading, "Defendants", means the named Defendants**, TENSSOURCE, LLC** and **NICHOLAS EXARHOS**, individually, and other corporation, organization or entity responsible for the employment practices complained of herein (discovery may reveal additional Defendants that should be included).

7. The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion.

8. Plaintiff reserves all rights to plead in the alternative.

## PARTIES, JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 USC §§ 1331 and 1337 and 29 USC § 216(b) because this action involves a federal question under the Fair Labor Standards Act.

10. The Court has supplemental jurisdiction with respect to claims arising under state law pursuant to 28 USC § 1367.

11. Venue is proper in the District Court because Defendants operate substantial business in Middle District of Florida. Furthermore, the damages complained of

occurred in Middle District of Florida at the Defendants' place of business located in the Middle District of Florida.

12. Plaintiff is a resident of Middle District of Florida, and was employed by Defendants as a marketing and sales representative from approximately September 27, 2017 until January 14, 2019.

13. At all times relevant to this action, Plaintiff has been an employee within the meaning of 29 USC § 203(e)(I).

14. Defendant, **NICHOLAS EXARHOS**, is a Florida resident and/or individual who conducts business in the State of Florida. He is the Managing Member of **TENSSOURCE, LLC**. He created and directed the pay practices and controlled and directed the work of Plaintiff.  **NICHOLAS EXARHOS** is also an officer and manager of Defendant, **TENSSOURCE, LLC**, thus making him an employer within the meaning of the FLSA.   See *In Re: Van Diepen, P.A.,* 236 F. App'x 498, 12 Wage & Hour Cas. 2d (BNA) 1358 (11th Cir. 2007) (allowing individual liability).

15. The FLSA defines "employer" as any "person" acting directly or indirectly in the interests of an employer in relation to an employee.   29 USC § 203(d).   See also *Boucher v. Shaw*, 572 Fed. 3d 1087, 1090 (9th Cir. 2009) (the definition of "employer" under the Fair Labor Standards Act (FLSA) is not limited by the common law concept of "employer", but is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes).

16. Defendant, **TENNSSOURCE, LLC**, is a Florida Limited Liability company with its principal address at 7624 Bald Cypress Place, Tampa, FL 33614, and may be

      served through its registered agent for service of process, **NICHOLAS EXARHOS**, at 7624 Bald Cypress Place, Tampa, FL 33614.

17. At all times material hereto, **TENSSOURCE, LLC** was an "enterprise engaged in commerce" within the meaning of the FLSA.

18. At all times material hereto, **TENSSOURCE, LLC** was the "employer" of Plaintiff within the meaning of the FLSA, 29 USC § 203.

19. This action is brought under the FLSA to recover from Defendants unpaid overtime wages, unpaid minimum wages, monies due and owing, liquidated damages, and reasonable attorneys' fees and costs.

20. All conditions precedent to the filing of this action have been performed.

## GENERAL ALLEGATIONS

21. Plaintiff **CANCELINO** was employed by Defendants as an inside marketing and sales representative from approximately September 27, 2017 until January 14, 2019.

22. Plaintiff's job duties as an inside marketing and sales representative included product sales, scheduling and conducting seminars, performing product training, internal sales representative training, device repairs, customer service, answering phones, product packaging and delivery, assisting in the warehouse along with all other activities so directed by **TENSSOURCE, LLC** and its officers and agents.

23. At all times relevant, Plaintiff was supervised by **TENSSOURCE, LLC**, officers, and agents and did not have the right to independent operations or decision making.

24. Defendants further agreed to pay Plaintiff $700 per week for the first 13 weeks and $600.00 per week thereafter amounting to $17.50 per hour for work performed for

the first 13 weeks and $15.00 per hour for work performed thereafter as well as a commission structure consisting of $7500.00 for each Nexus Autonomic Nervous System (ANS) sale with an additional $500.00 bonus to be paid for the performance of product training and support and $4000.00 for each Cryofos system sale with an additional $250.00 bonus to be paid for the performance of product training and support, although failed to honor their obligation to pay him consistently with the agreement.

25. Defendants' failure to properly pay Plaintiff was a willful violation of the FLSA.

26. Defendants have no good faith basis for failing to pay Plaintiff appropriately nor for failing to pay the appropriate overtime.

27. Plaintiff's actual payment from Defendants did not amount to minimum wage as required by FLSA.

28. Defendants have no good faith basis for failing to pay Plaintiff appropriately nor for failing to pay the appropriate minimum wages due with regard to the last two weeks of pay.

29. Defendants, as business owners, are fully aware of the minimum hourly pay, overtime, and classification of individuals performing work for the Defendants.

30. Plaintiff does not have the authority to hire, fire, or discipline other employees.

31. Plaintiff is a non-exempt employee whose duties dictate the same; his job duties do not involve the use of discretion in the performance of his job.

32. Plaintiff's position is subject to the FLSA wage provisions.

33. Defendants compensated **CANCELINO** at a rate of $17.50 per hour for hourly work for the first 13 weeks and at $15.00 hour thereafter but did not pay any regular

wages or one and one half times regular wages for overtime hours worked by the Plaintiff in excess of 40 hours per work week.

34. Furthermore, Defendants did not pay the full rate of commissions set forth in the Employment Agreement and withheld the rate of ordinary pay in Plaintiff's last paycheck paying him only $318.83 for his last two weeks of work.

35. In addition, Defendants did not withhold appropriate income tax and employer withholdings from Plaintiff's commission checks, but rather issued Plaintiff a W-2 for his reduced ordinary pay and a 1099 for commissions to avoid paying him all money's owed according to FLSA.

36. Plaintiff complained to Defendants regarding their unlawful pay practices.

37. On or about January 14, 2019, Plaintiff resigned from his position with Defendants because Defendants continued to refuse to pay him in accordance with FLSA. Plaintiff was justified in leaving Defendants as they constructively terminated him from his employment.

38. On or about May 28, 2020, the Defendant **TENSSOURCE, LLC** filed a lawsuit against **CANCELINO** alleging violation of the provisions of his Employment contract involving breach of contract, breach of duty of loyalty, breach of non-compete agreement, and breach of non-solicitation.

39. The claims against **CANCELINO** set forth in **TENSSOURCE'S** Complaint are completely devoid of any factual allegations against **CANCELINO** and set forth mere conclusory statements and in some instances make allegation set forth as causes of action that are not recognized in Florida statute or common law.

40. Defendant **TENSSOURCE, LLC** has never made mention of any misconduct or malfeasance on behalf of **CANCELINO,** and its Complaint is still devoid of any factual allegations against him.

41. Defendant **TENSSOURCE, LLC** brought the claims against **CANCELINO** in an attempt to harass, intimidate and coerce the Plaintiff to abandon his FLSA claims against the **TENSSOURCE, LLC and NICHOLAS EXARHOS.**

## COUNT I
## VIOLATION OF MINIMUM WAGE PROVISIONS OF THE FLSA § 206

42. Plaintiff re-adopts and re-alleges the allegations set forth in Paragraph 1 through 41 as if fully set forth herein.

43. **CANCELINO** was an employee of Defendants within the meaning of 29 USC § 203(e)(1).

44. Defendant is an employer within the meaning of 29 USC § 203(d).

45. The minimum wage provisions set forth in FLSA § 206 apply to Defendants, who engaged in commerce under the definition of the FLSA.

46. During the relevant time period, **CANCELINO** was not paid minimum wage compensation for his last pay period.

47. During the relevant time period, Defendants required **CANCELINO**, a non-exempt employee under the FLSA, to work and compensated him less than the minimum hourly wage for his last two weeks of work.

48. Defendants are, or should have been, aware of FLSA's minimum wage requirements, its provisions and exemptions, and know, or should have known, that withholding wages from **CANCELINO** constituted a willful violation of the

FLSA.

49. Therefore, Defendants willfully and intentionally engaged in a pattern and practice of violating the minimum wage provisions of the FLSA by refusing to pay **CANCELINO** a minimum hourly wage for all hours worked.

50. Defendants cannot show in good faith reliance upon any factor or law for failing to pay the lawful minimum hourly rate of pay for all hours worked by **CANCELINO**.

51. Evidence reflecting the precise number of hours worked by **CANCELINO** is in the possession of Defendant. If these records are unavailable, **CANCELINO** may establish the hours he worked solely by his testimony and the burden of overcoming such testimony shifts to the employer. See *Anderson v. Mount Clemens Pottery Company*, 328 US 680 (1946).

52. **CANCELINO** is entitled to a minimum hourly rate for each hour worked.

53. As a direct result of Defendants' violation of the FLSA, **CANCELINO** suffered damages by being denied minimum wages in accordance with §§ 206 and 216(b) of the FLSA in addition to the damages associated with the loss of his Social Security and employer contributions to Social Security benefits.

54. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of **CANCELINO**.

**WHREFORE**, Plaintiff, **JOHN CANCELINO**, individually, and as class representative of others similarly situated, requests this Honorable Court to:

A. Order Defendants to pay an award of damages to fully compensate **CANCELINO** for minimum hourly wages and other compensation to which he is

entitled;

B. Order Defendants to pay liquidated damages;

C. Order Defendants to pay prejudgment interest on all sums due **CANCELINO**;

D. Order Defendants to pay compensatory damages allowable at law;

E. Order Defendants to pay an award of attorney's fees pursuant to 29 USC § 216(b) and; grant such further relief as the court deems just, necessary, and proper.

## COUNT II
## VIOLATION OF OVERTIME PROVISIONS OF THE FLSA (§ 207)

55. Plaintiff re-adopts and re-alleges the allegations set forth in Paragraph 1 through 41 as if fully set forth herein.

56. Plaintiff was an employee of Defendants within the meaning of 29 USC § 203(e)(1).

57. Defendants are an employer within the meaning of 29 USC § 203(d).

58. The overtime wage provisions set forth in FLSA § 207 apply to Defendants, which engaged in commerce under the definition of the FLSA.

59. During the relevant time period, Plaintiff was not paid overtime compensation for all hours worked in excess of forty (40) hours per week.

60. During the relevant time period, Defendants required Plaintiff, a non-exempt employee under the FLSA, to regularly work in excess of forty (40) hours per week without payment of overtime.

61. Defendants are, or should have been, aware of FLSA's overtime calculations, its provisions and exemptions, and know, or should have known, that withholding wages from Plaintiff constituted a willful violation of the FLSA.

62. Therefore, Defendants willfully and intentionally engaged in a pattern and practice of violating the overtime provisions of the FLSA by refusing to pay overtime to Plaintiff for all hours worked in excess of forty (40) hours per week.

63. Defendants cannot show in good faith reliance upon any factor or law for failing to pay overtime compensation at a rate of one and one-half times Plaintiff's ordinary rate of pay.

64. Evidence reflecting the precise number of overtime hours worked by Plaintiff is in the possession of Defendants. If these records are unavailable, Plaintiff may establish the hours he worked solely by his testimony and the burden of overcoming such testimony shifts to the employer. See *Anderson v. Mount Clemens Pottery Company,* 328 US 680 (1946).

65. Plaintiff is entitled to time and one-half of his regular hourly rate for each hour worked in excess of forty (40) hours per work week.

66. As a direct result of Defendants' violation of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA, in addition with the damages associated with the loss of his Social Security and employer contributions to Social Security benefits.

67. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

**WHEREFORE**, Plaintiff, **JOHN CANCELINO**, individually, and as class representative of others similarly situated, requests this Honorable Court to:

A. Order Defendants to pay an award of damages to fully compensate **CANCELINO** for overtime wages and other compensation to which he is entitled;

    B.    Order Defendants to pay liquidated damages;

    C.    Order Defendants to pay pre-judgment interest on all sums due Plaintiff;

    D.    Order Defendants to pay compensatory damages allowable at law;

    E.    Order Defendants to pay an award of attorney's fees pursuant to 29 USC § 216(b)

and; grant such further relief as the court deems just, necessary, and proper.

## COUNT III
## UNPAID COMMISSIONS AS TO ALL DEFENDANTS

68. Plaintiff re-adopts and re-alleges the allegations set forth in Paragraph 1 through 41 as if fully set forth herein.

69. Plaintiff has earned unpaid wages which are owed and payable by the Defendants pursuant to Florida Statute Chapter 448.

70. Defendants, despite Plaintiff's reasonable attempts to obtain payment of these earned monies, has failed and refused to make payments as required by Florida Statute Chapter 448.

**WHEREFORE**, Plaintiff, **JOHN CANCELINO**, individually and as the class representative of others similarly situated, prays for a judgment against Defendants, **TENSSOURCE, LLC** and **NICHOLAS EXARHOS**, for the following damages:

    A. Payment of his earned unpaid wages;
    B. Pre-judgment interest;
    C. Post-judgment interest;
    D. Attorney's fees;
    E. Costs;
    F. For such other relief as this Court deems equitable.

## COUNT IV
## RETALIATION IN VIOLATION OF 29 USC §215

71. Plaintiff re-adopts and re-alleges the allegations set forth in Paragraph 1 through 41 as if fully set forth herein.

72. **CANCELINO** was engaged in a protected activity through the filing of his FLSA claims against the Defendants.

73. The Defendants were aware of the Plaintiff's participation in the protected activity since they had both been served a copy of **CANCELINO'S** Complaint.

74. The Defendant **EXARHOS** thought his control of Defendant **TENSSOURCE, LLC** took materially adverse employment action against Plaintiff by filing or causing to be filed a Complaint against him in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida in Case Number 20-CA-004474, Division L.

75. A causal connection existed between the protected activity and the adverse action since the basis of that lawsuit is premised on violations of the Employment Contract which gives rise the **CANCELINO'S** FLSA claims.

76. The adverse action against **CANCELINO** by Defendants would not have been taken but for the assertion of FLSA rights.

77. The adverse action against **CANCELINO** by Defendants was designed to dissuade CANCELINO from furthering his FLSA claims.

**WHEREFORE**, Plaintiff, **JOHN CANCELINO**, individually, and as class representative of others similarly situated, requests this Honorable Court to:

A. Order such legal or equitable relief as may be appropriate to effectuate the purposes of § 215(a)(3);

B.  Order Defendants to pay an additional equal amount as liquidated damages;

C.  Order Defendants to pay an award of attorney's fees pursuant to 29 USC § 216(b) and; grant such further relief as the court deems just, necessary, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all issues so triable.

**WHEREFORE**, the Plaintiff, **JOHN CANCELINO**, individually and as the class representative of others similarly situated, demands judgment for damages, including punitive damages, against the Defendants, **TENSSOURCE, LLC** and **NICHOLAS EXARHOS**, together with such other and further relief as this Honorable Court deems necessary and appropriate.

Dated this: June 11, 2020

TRAGOS, SARTES & TRAGOS, PLLC

*/s/ Peter A. Sartes, MBA/JD*

Peter A. Sartes, MBA/JD
Florida Bar Number: 0582905
Email:   peter@greeklaw.com

*/s/ Peter L. Tragos, Esq.*

Peter L. Tragos, Esq.
Florida Bar Number 106744
Email:   petertragos@greeklaw.com

2363 Gulf to Bay Blvd., Suite 100
Clearwater, FL   33765
Telephone: (727) 441-9030
Fax: (727) 441-9254

Secondary E-Mail: linda@greeklaw.com

*/s/ Michael P. Perenich, Esq.*

Michael P. Perenich, Esq.
Florida Bar Number 102791
Email: michael@usalaw.com

Perenich Caulfield Avril Noyes
1875 N. Belcher Rd.
Clearwater, FL 33765
Telephone: (727) 796-8282