UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN CANCELINO, individually, and
as the class representative of others
similarly situated

      Plaintiff,                          Case No:  8:19-cv-01810-JSM-SPF

vs.

TENSSOURCE, LLC,
A Florida Registered Limited
Liability Company, and
NICHOLAS EXARHOS, individually.

      Defendants.
_____/

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants, TENSSOURCE, LLC and NICHOLAS EXARHOS ("Defendants"), by and through their undersigned attorney, moves for summary judgment pursuant to Federal Rule of Civil Procedure 56 against Plaintiff JOHN CANCELLINO ("CANCELINO" or "Plaintiff"), and as grounds therefore states as follows:

### I.      PROCEDURAL BACKGROUND

In this action, Plaintiff filed a four (4) count Amended Complaint alleging minimum wage violations under the Fair Labor Standards Act ("FLSA") (Count I), unpaid overtime under the FLSA (Count II), for unpaid commissions (Count III), and for retaliation (Count IV). On July 7, 2020, Defendants filed their Answer and Affirmative Defenses. On April 13, 2020, Plaintiff's deposition was taken by defense counsel.

### II.      STATEMENT OF FACTS

Plaintiff worked for Defendants from approximately October 10, 2017 until January 14, 2019 as a commissioned sales manager selling medical devices in Florida, Texas and other states in the southeast. Plaintiff and Defendants entered into an employment contract dated November 27, 2017. (Exhibit A). The contract sets forth the terms of the employment agreement, including the commission schedule to be earned by the Plaintiff for the sale of certain medical devices. During his employment the Plaintiff consistently sold medical devices below the agreed upon market value for the device. (Pl's Depo. at p. 25, l. 25 to p. 26, l. 4). In fact, none of Plaintiff's sales were for the fair market value of the equipment he sold and he always took less than the full amount of commission and he always proportionately reduced his commissions. (Pl's Depo. p. 47, l. 5-8; p. 24, l. 10-25). Although he received a proportional reduction in his commission based upon the below market value of the sale of a medical device, this lawsuit claims that Plaintiff is nevertheless entitled to unpaid commissions for the full value of the sale of the medical devices.[1]

During his employment, Plaintiff would submit invoices for payment of his commissions to the company. (Pl's depo. p. 23, l. 13-22). Plaintiff admits that in submitting the invoices for payment that he "was honest and deducted the percentage of sales retail price. I took the same percentage off my commission…" although Plaintiff contends his employment agreement did not call for such a reduction. (*Id.* at p. 46, l. 25 to p. 47, l. 4). Plaintiff further testified as follows:

> Q.     So you would agree with me that you proportionately reduced your commission based upon the sale price of each unit?
>
> A.     Based off of what I was told, correct.

*Id.* at p. 47, l. 5-8.

The parties acted consistently with the foregoing proportional reduction of commission based

---

[1] Tenssource did not receive full payment on some machines and, therefore, no commission was paid to Cancelino. *See* Declaration of Ana Vargas attached as Exhibit B.

upon the sale price of a unit for the entirety of Plaintiff's employment.

III.    **DISCUSSION**

A.  **Plaintiff's Unpaid Commissions Claim Must be Dismissed**

Despite the foregoing, Plaintiff now contends that he is owed commissions because his employment agreement simply provides for a flat-rate commission for the sale of certain medical devices, without taking into consideration his selling medical devices below an established market value. Such an assertion is belied by the Plaintiff's own testimony, above, and is incredulous. To extend such logic would necessarily mean that regardless of what the Plaintiff decided to sell a medical device for, the Defendants were always obligated to pay him a minimal sum as stated in the employment agreement, even if that meant his commission was more than the sale price of the unit.

It is, therefore, readily apparent that Count III of Plaintiff's Amended Complaint cannot withstand summary judgment and his claim must be dismissed.

**CONCLUSION**

Based on the foregoing, Defendants respectfully request that this Court enter judgment in favor of the Defendants and dismiss Plaintiff's claims for unpaid commissions.

Respectfully submitted,

**THE LAW FIRM OF PATRICK H. GONYEA, P.A.**
8176 Woodland Center Blvd.
Tampa, Florida 33614
T: (813) 833-8302
*Counsel for Defendants*

By:    */s/ Patrick Gonyea*
**Patrick H. Gonyea, Esquire**
Florida Bar No. 0055042
Email: patrick@gonyealawfirm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of July, 2020 I electronically filed the foregoing document with the Clerk of Court using EM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


By:     */s/ Patrick Gonyea*
         **Patrick H. Gonyea, Esquire**
         FBN: 0055042


## SERVICE LIST

Peter A. Sartes, Esq.
FBN: 0582905
E: peter@greeklaw.com

Peter L. Tragos, Esq.
FBN: 106744
E: petertragos@greeklaw.com

**TRAGOS, SARTES & TRAGOS, PLCC**
601 Cleveland St. Suite 800
Clearwater, FL 33755

T:  (727) 441-9030
F:  (727) 441-9254

Michael P. Perenich, Esq.
FBN 102791
E: Michael@usalaw.com

**PERENICH CAULFIELD AVRIL NOYES**
1875 N. Belcher Rd.
Clearwater, FL 33765

T: (727) 796-8282

*Attorneys for Plaintiff*

*VIA CM/ECF*