UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN CANCELINO,

    Plaintiff,

v.                                              Case No: 8:19-cv-1810-T-30SPF

TENSSOURCE, LLC and
NICHOLAS EXARHOS,

    Defendants.
_____/

## ORDER

    THIS CAUSE comes before the Court on Defendants' Motion for Summary Judgment (Dkt. 35) and Plaintiff's Response in Opposition (Dkt. 36).  Upon review of these filings, record evidence, and being otherwise advised in the premises, the Court denies the motion because there are genuine issues of fact regarding Plaintiff's claim for unpaid commissions.

## BACKGROUND

    Plaintiff John Cancelino worked for Defendant Tenssource, LLC as an inside marketing and sales representative from approximately September 27, 2017, until January 14, 2019.  Plaintiff's job duties included product sales, scheduling and conducting seminars, and performing product training.

    On July 24, 2019, Plaintiff filed this action under the Fair Labor Standards Act ("FLSA"), alleging claims for unpaid wages and overtime compensation.  Count III of the

amended complaint alleges a claim for unpaid commissions. (Dkt. 30). Defendants' motion for summary judgment addresses only this claim. As explained below, Plaintiff's response establishes genuine issues of fact that prevent the entry of judgment in Defendants' favor.

## DISCUSSION

Motions for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; Athe requirement is that there be no *genuine* issue of *material* fact.@ *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986) (emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* Throughout this analysis, the court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor. *Id.* at 255.

Defendants' five-page motion cites to a few lines in Plaintiff's deposition testimony to argue that Plaintiff is not entitled to unpaid commissions because Plaintiff intentionally reported commissions that were lower than what he is now claiming he is entitled to under the parties' Employment Agreement. Specifically, Defendants reference a part of Plaintiff's testimony where he states that he intentionally reduced the commissions he reported for reimbursement. The parties' Employment Agreement provided, in relevant

part, that Plaintiff would receive commissions as follows: $7,500.00 for each Nexus Autonomic Nervous System (ANS) sale with an additional $500.00 bonus to be paid for the performance of product training and support and $4,000.00 for each Cryofos system sale with an additional $250.00 bonus to be paid for the performance of product training and support. (Dkt. 35-1).

As Plaintiff points out in his response, the testimony Defendants reference in their motion does not include all of Plaintiff's testimony on this subject. Plaintiff explained further in his deposition that Defendants *required* him to report lower commissions than what the Employment Agreement delineated; otherwise, Defendants informed Plaintiff he would not be paid any commissions associated with the sales. The evidence reflects the commissions Plaintiff received were lower than the payment terms set forth in the Employment Agreement. Plaintiff claims he is entitled to approximately $26,002.50 in commissions as a result of Defendants' failure to follow the Employment Agreement's terms. This evidence presents a classic material dispute that the trier of fact must determine.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that Defendants' Motion for Summary Judgment (Dkt. 35) is denied.

**DONE** and **ORDERED** in Tampa, Florida, this July 27, 2020.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

3