UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN CANCELINO,

    Plaintiff,

v.                                              Case No: 8:19-cv-1810-T-30SPF

TENSSOURCE, LLC and
NICHOLAS EXARHOS,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court on Plaintiff's Motion for Partial Summary Judgment (Dkt. 48) and Defendants' Response in Opposition (Dkt. 51). Upon review of these filings, record evidence, and being otherwise advised in the premises, the Court denies the motion because there are genuine issues of fact regarding Plaintiff's claim for overtime and minimum wages.

## BACKGROUND

Plaintiff John Cancelino worked for Defendant Tenssource, LLC as an inside marketing and sales representative from approximately September 27, 2017, until January 14, 2019. Plaintiff's job duties included product sales, scheduling and conducting seminars, and performing product training.

On July 24, 2019, Plaintiff filed this action under the Fair Labor Standards Act ("FLSA") alleging claims for unpaid wages and overtime compensation. Count I of the

amended complaint alleges a claim for minimum wages for his last pay period; Count II seeks overtime compensation under the FLSA; Count III alleges a claim for unpaid commissions under Florida law; and Count IV states a retaliation claim under the FLSA. (Dkt. 30).

Plaintiff's motion does not seek judgment on any of the claims in the amended complaint. Rather, Plaintiff argues that evidence in the state court lawsuit Defendants filed against Plaintiff[1] (which also forms the basis of Plaintiff's retaliation claim in this lawsuit) reflects that Defendants improperly classified Plaintiff as an independent contractor. As explained briefly below, Defendants' response establishes genuine issues of fact that prevent the entry of partial judgment in Plaintiff's favor.

## DISCUSSION

Motions for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (emphasis in original). The substantive law applicable to the claimed causes

---

[1] The state court action relates to Plaintiff's alleged violation of the non-compete provisions of his employment agreement. More specifically, according to Defendants, Plaintiff testified during his deposition in this action that he attempted to sell a competing product to a Tenssource client after he left his employment.

of action will identify which facts are material. *Id.* Throughout this analysis, the court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor. *Id.* at 255.

Plaintiff's' five-page motion argues that Defendants have now admitted that they misclassified Plaintiff as an independent contractor. The Court agrees (and Defendants do not argue otherwise) that the record establishes Defendants should have kept Plaintiff classified as an employee during his entire employment. Defendants state the following in their response: "Plaintiff worked for TENSSOURCE, LLC from late 2017 to early 2019. Plaintiff was paid as an employee of TENSSOURCE, LLC for 2017 and 2019, but only partially paid as an employee in 2018. This is because TENSSOURCE, LLC reported to the Internal Revenue Service the Plaintiff's salary as an employee and his commissions as a 1099 worker. This brought to light TENSSOURCE, LLC's error in paying part of Plaintiff's 2018 remuneration as a 1099 worker, and TENSSOURCE, LLC has since rectified its earlier Internal Revenue Service filing and declared all of Plaintiff's 2018 remuneration as an employee for tax purposes." (Dkt. 51).

However, this evidence does not impact Defendants' argument that Plaintiff is not entitled to overtime compensation under the FLSA because he was an exempt employee. In other words, even as an employee, Plaintiff could be exempt from overtime compensation if the finder of fact determines that any of the enumerated exemptions apply after looking at Plaintiff's position, responsibilities, and duties. And, even if Plaintiff established he was not exempt from overtime, he would still have to show that he actually worked more than forty hours in a workweek. Simply put, the fact that Defendants admit

3

they misclassified Plaintiff for a period of time as an independent contractor does not entitle Plaintiff to any judgment on his claims in this action.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that Plaintiff's Motion for Partial Summary Judgment (Dkt. 48) is denied.

**DONE** and **ORDERED** in Tampa, Florida, this December 17, 2020.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record