UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN CANCELINO,

Plaintiff,

v.                                                                  Case No: 8:19-cv-1810-T-30SPF

TENSSOURCE, LLC and
NICHOLAS EXARHOS,

Defendants.
_____/

## ORDER

THIS CAUSE is before the Court upon Plaintiff's Motion in Limine (Dkt. 38) and Defendants' Motion in Limine (Dkt. 39). Upon review of these filings, and being otherwise advised in the premises, the Court denies Plaintiff's motion and grants Defendants' motion.

## DISCUSSION

A district court's decision to exclude evidence is "an extraordinary remedy which should be used sparingly," and the court may exclude relevant evidence "only when *unfair* prejudice *substantially* outweighs probative value." *United States v. King*, 713 F.2d 627, 631 (11th Cir. 1983) (citation omitted) (emphasis in original). Thus, "the balance should be struck in favor of admissibility," and courts must "maximize[e] [the evidence's] probative value and minimiz[e] its undue prejudicial impact." *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010). A district court's "discretion to exclude evidence under Rule 403 is narrowly circumscribed." *United States v. Smith*, 459 F.3d 1276, 1295 (11th Cir. 2006).

Plaintiff's Motion in Limine asserts three "issues" that the Court should exclude from the trial. Issues one and three are akin to a follow-the-law request. For example, Plaintiff argues that the Court should not permit Defendants to introduce inadmissible hearsay. Plaintiff also contends that Defendants should not call a witness that was not previously disclosed. These two requests are denied. As Defendants point out in their response, they have no intention of introducing inadmissible evidence (nor would the Court permit that) and Nicholas Exarhos and Ana Vargas are the only witnesses Defendants are calling at trial.

Plaintiff's second issue relates to the state court lawsuit Defendants filed against Plaintiff for his alleged violations of his noncompete agreement. This issue warrants further discussion. Plaintiff requests that the Court exclude any evidence regarding these alleged breaches of the noncompete agreement. The Court denies this request because Plaintiff's FLSA retaliation claim in this case is premised on the state court lawsuit. Specifically, Plaintiff alleges that Defendants filed the lawsuit out of retaliation for Plaintiff suing Defendants for damages under the FLSA.

A prima facie case of FLSA retaliation requires that the following elements are met: (1) the plaintiff engaged in activity protected under the FLSA; (2) the plaintiff subsequently suffered adverse action by the employer; and (3) a causal connection existed between the plaintiff's activity and the adverse action. If the employer asserts a legitimate reason for the adverse action, the plaintiff may attempt to show pretext. In demonstrating causation, the plaintiff must prove that the adverse action would not have been taken "but for" the assertion of FLSA rights. *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342–43 (11th Cir. 2000) (internal citations and quotations omitted).

Defendants are entitled to argue the basis for the "adverse action," i.e., the filing of the state court lawsuit and then Plaintiff may attempt to show that this lawsuit was frivolous and filed because he asserted his FLSA rights. The facts that formed the basis of the lawsuit, which include the alleged breach of the noncompete agreement, are therefore relevant to Plaintiff's FLSA retaliation claim and will not be excluded. Plaintiff's Motion in Limine is denied.

Defendants' Motion in Limine seeks to exclude only one matter: any testimony that Plaintiff previously worked as a law enforcement officer. Plaintiff responds that he does not intend to inform the jury of his prior work in law enforcement and this issue came up during his deposition when he was asked if he had been previously deposed. Plaintiff asks that the Court permit him to discuss this matter only if his character is called into question to an extent that his law enforcement history may become relevant. The Court grants Defendants' motion as unopposed without prejudice to Plaintiff to raise this matter if his employment history becomes relevant during the trial.

It is therefore **ORDERED and ADJUDGED** that:

1. Plaintiff's Motion in Limine (Dkt. 38) is denied.

2. Defendants' Motion in Limine (Dkt. 39) is granted.

**DONE** and **ORDERED** in Tampa, Florida, this December 30, 2020.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record